Mark WILSON, Plaintiff—Appellant,

v.

Chuck SULLIVAN, Detective Anaheim
Police Department; et al.,
Defendants—Appellees.

No. 04–56565.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

Mark Wilson, pro se.

Moses W. Johnson, IV, Esq., Anaheim
City Attorney's Office, Anaheim, CA, Pat-
rick J. Hehir, Esq., California Attorney
General's Office, Los Angeles, CA, for De-
fendants–Appellees.

Before: FERNANDEZ, RYMER, and
BYBEE, Circuit Judges.

MEMORANDUM **

Mark Wilson appeals pro se from the
district court's judgment dismissing his 42
U.S.C. § 1983 action. We review de novo
a dismissal for failure to state a claim.
*Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th
Cir.2005). We review for abuse of discre-
tion a dismissal for failure to timely serve
summons and complaint. *Walker v. Sum-
ner*, 14 F.3d 1415, 1422 (9th Cir.1994). We
affirm.

Wilson alleged, among other things, that
an unidentified woman accused him of
bothering her on different occasions and
defendants Sullivan and Valente were in-
volved in the investigation of the woman's
complaint; although no criminal charges
were brought against Wilson, the woman's
complaint resulted in the revocation of
Wilson's parole.

The district court properly dismissed for
failure to state a claim Wilson's section
1983 claims based on alleged malicious
prosecution because Wilson could not al-
lege "favorable termination"; he conceded
that his parole was revoked based on the
unidentified woman's complaints. *See
Awabdy v. City of Adelanto*, 368 F.3d

---

* The panel unanimously finds this case suitable
  for decision without oral argument. *See* Fed.
  R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
  cation and may not be cited to or by the
  courts of this circuit except as provided by
  9th Cir. R. 36–3.

1062, 1068 (9th Cir.2004) ("An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence.").

We are not persuaded by Wilson's contention that the district court abused its discretion by considering the police reports submitted by defendant Sullivan. *See Knievel,* 393 F.3d at 1076.

The district court also properly concluded that Wilson failed to state constitutional claims against defendants Sullivan and Valente related to the parole revocation hearing process or against Valente for alleged mail tampering.

The district court also did not abuse its discretion by dismissing without prejudice the claims against Doe defendants because Wilson did not effect service within 120 days. *See* Fed.R.Civ.P. 4(m).

Wilson's remaining contentions are not persuasive.

We grant defendant Valente's motion to strike documents that were not part of the district court record. *See Kirshner v. Uniden Corp. of America,* 842 F.2d 1074, 1077 (9th Cir.1988).

AFFIRMED